UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEWAYNE FRAZIER, individually and
on behalf of others similarly situated,

        Plaintiff,

                              CASE NO.:

vs.

C.A.P. CONTRACTING, INC., a Florida
For Profit Corporation,

        Defendant.            /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEWAYNE FRAZIER, by and through the undersigned attorney, individually and on behalf of others similarly situated, sues the Defendant, C.A.P. CONTRACTING, INC., a Florida Corporation, and alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

1. Plaintiff, DEWAYNE FRAZIER, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff, DEWAYNE FRAZIER, was an employee who worked at Defendant's property within the last three years in Duval County, Florida.

3. Plaintiff, DEWAYNE FRAZIER, worked for Defendant as an hourly paid employee.

4. Plaintiff, DEWAYNE FRAZIER, works as a general laborer/concrete finisher for Defendant.

5. Similarly situated general laborers/concrete finishers were also paid an hourly rate of pay.

6. At all times material to this cause of action, Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

7. Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees, were integral to Defendant's business.

8. Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees, were directed and supervised by Defendant.

9. Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees, offered zero investment into Defendant's facilities and/or equipment.

10. Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees, had no opportunity for profit and loss tied to Defendant's business.

11. Plaintiff, DEWAYNE FRAZIER, and those similarly situated employees, were permanent employees with no set employment end date.

12. Despite the above, Defendant, C.A.P. CONTRACTING, INC., improperly classified Plaintiff, and those similarly situated employees, as independent contractors.

13. Prior to classifying Plaintiff, DEWAYNE FRAZIER, as an independent contractor, Defendant employed Plaintiff as a W-2 employee.

14. Defendant, C.A.P. CONTRACTING, INC., is a Florida for profit

Corporation that operates and conducts business in Duval County, Florida and is therefore, within the jurisdiction of this Court.

15. According to Florida's Division of Corporation's website, Defendant, C.A.P. CONTRACTING, INC., lists its principal address as 1115 Edgewood Avenue W., Jacksonville, Florida 32208. See www.Sunbiz.gov

16. According to its website, Defendant, C.A.P. CONTRACTING, INC., brings over twenty-five years of experience to the construction industry. Defendant specializes in underground utilities, site work, concrete work, and general construction. See https://www.capcontracting.com/about.html

17. For the past three years, Defendant, C.A.P. CONTRACTING, INC., operated and conducted business in Duval County, Florida.

18. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

19. This Court has jurisdiction over Plaintiff and those similarly situated employees' claims pursuant to 28 U.S.C. §1331 and the FLSA.

20. During Plaintiff's and those similarly situated employees' employment with Defendant, Defendant, C.A.P. CONTRACTING, INC., earned more than $500,000.00 per year in gross revenue.

21. Defendant, C.A.P. CONTRACTING, INC., employed in excess of twenty (20) employees and paid these employees plus earned a profit from their business.

22. During Plaintiff's and those similarly situated employees' employment, Defendant, C.A.P. CONTRACTING, INC., employed at least two employees who

handled goods, materials and supplies which travelled in interstate commerce such as safety vests, cement, shovels, buckets, cellular phones, construction cones, and other tools/materials used to run the business.

23. Therefore, at all material times relevant to this action, Defendant, C.A.P. CONTRACTING, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

24. Additionally, Plaintiff, DEWAYNE FRAZIER, is individually covered under the FLSA.

## FLSA Violations

25. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff, and those similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated employees, for all overtime hours worked.

26. During their employment with Defendant, Plaintiff, and those similarly situated employees, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

27. Specifically, Defendant had a policy and practice of compensating Plaintiff, and those similarly situated employees, their regular rate of pay, in cash, for hours worked on the weekend. Hours worked on the weekend were not included or calculated in Plaintiff's, and those similarly situated employees, total hours for overtime calculations.

28. Further, Defendant had a policy and practice of deducting a full hour for

lunch breaks despite Plaintiff, and those similarly situated employees, not receiving a full hour for lunch. As such, Plaintiff, and those similarly situated employees, did not receive full overtime compensation when calculating overtime hours worked.

29. Finally, Defendant had a policy and practice of failing to include time worked at Defendant's facility prior leaving for the first job site.

30. Plaintiff, and those similarly situated employees, are entitled to the half-time premium for all hours worked over forty (40) hours.

31. Plaintiff, and those similarly situated employees, routinely worked in excess of forty (40) hours per week during their employment with Defendant without receiving full overtime compensation.

32. Based upon these above pay practices, Defendant has violated the FLSA by failing to pay complete overtime pay.

33. Defendant's method of paying Plaintiff, and those similarly situated employees, is in violation of the FLSA, was willful, and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

34. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated employees, are in the possession and custody of Defendant.

## COLLECTIVE ACTION ALLEGATIONS

35. As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff, and those similarly situated employees, by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as

described above.

36. Although Defendant permitted and/or required Plaintiff and putative class members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

37. Putative Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and putative Class Members all worked as "Concrete Finishers" or "General Laborers" under the same conditions and subject to the same violations of the FLSA.

38. Putative Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

39. Putative Class Members are not exempt from receiving overtime pay under the FLSA.

40. As such, putative Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wages.

41. Defendant's failure to pay overtime compensation as required by the FLSA results from generally applicable policies or practices and is not dependent on the personal circumstances of the putative Class Members.

42. The experience of Plaintiff, with respect to his pay, is typical of the experiences of putative Class Members.

43. The experience of Plaintiff, with respect to his job duties, is typical of the experiences of putative Class Members.

44. The specific job titles or precise job responsibilities of each putative Class

Member does not prevent collective treatment.

45. All putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

46. Although the exact amount of damages may vary across putative Class Members, the damages for putative Class Members can be easily calculated by a formula. The claims of all putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all putative Class Members.

47. Defendant engaged in a practice of failing to pay Plaintiff and the putative Class Members the half-rate overtime pay premium for all hours worked beyond forty (40) hours.

48. Defendant instituted, created, permitted, and/or required the policy of failing to pay Plaintiff and putative Class Members for the half-rate overtime pay premium for all hours worked beyond forty (40) hours.

49. Defendant has failed to provide accurate overtime compensation for numerous pay periods spanning the last three (3) years.

50. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and putative Class Members.

51. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c)

Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above as though stated fully herein.

53. Plaintiff and all putative Class Members are/were entitled to be paid time and one-half his/their regular rate of pay for each hour worked in excess of forty (40) per work week.

54. During their employment with Defendant, Plaintiff and all putative Class Members worked overtime hours but were not paid time and one-half compensation for same.

55. Defendant has failed provide accurate overtime compensation for numerous pay periods.

56. Defendant did not have a good faith basis for their decision not to pay Plaintiff and all putative Class Members full overtime compensation.

57. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and all putative Class Members time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and all putative Class Members have suffered damages plus incurred reasonable attorneys' fees and costs.

58. As a result of Defendant's willful violation of the FLSA, Plaintiff and all putative Class Members are entitled to liquidated damages.

59. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEWAYNE FRAZIER, on behalf of himself and other similarly situated employees, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 14th day of March, 2023

/s/ *MATTHEW R. GUNTER*
Matthew R. Gunter, Esq.
Florida Bar No. 77459
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.: (407) 236-0946
Fax: (407) 867-4791
Email: mgunter@forthepeople.com

Counsel for Plaintiff